IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRANZACT TECHNOLOGIES, INC., doing business as FREEDOM LOGISTICS®, an Illinois corporation, | ) ) ) ) | **07 C 6597** |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No.: **JUDGE ASPEN** **MAGISTRATE JUDGE BROWN** |
| FREEDOM LOGISTICS, LLC, a Tennessee limited liability company, | ) ) ) ) | Judge: Magistrate Judge: |
| Defendant. | ) | |

## COMPLAINT

Now Comes the Plaintiff, Tranzact Technologies, Inc. doing business as "Freedom Logistics®", by and through its attorneys, Sullivan Hincks & Conway, and for its Complaint against Freedom Logistics, LLC, states as follows:

**Jurisdiction and Parties**

1. This is an action for infringement of a federally registered service mark in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114); for unfair and deceptive methods of competition in violation of Section 43 of the Lanham, (15 U.S.C. § 1125); and for trademark dilution in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

2. This Court has jurisdiction over this dispute pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 as this action arises under the laws of the United States, specifically under an act of Congress relating to trademarks and pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367.

1

3. Venue is proper pursuant to 28 U.S.C. § 1391(c) as Defendant is a corporation doing business in the geographic area encompassed by the District Court for the Northern District of Illinois.

4. The Plaintiff, Tranzact Technologies, Inc. doing business as "Freedom Logistics®" ("Freedom") is an Illinois corporation lawfully authorized to conduct business by the Federal Motor Carrier Safety Administration ("FMSCA"). Freedom is in the business of providing interstate transportation brokerage of motor carrier service, an interstate transportation marketplace that also includes freight bill payment services related to the maintenance of brokerage and market place services, and unique logistics services, as well as developing and licensing software in conjunction with the aforementioned transportation and logistics services and, by doing so, otherwise holds itself out to the public and industry as a company providing transportation services for hire throughout the United States (hereinafter the "Logistics Services.")

5. The Defendant, Freedom Logistics, LLC ("Defendant") is a Tennessee limited liability company authorized by the FMCSA to conduct business as a broker of motor carriage throughout the United States and Defendant maintains an agent in the State of Illinois for service of process as declared on a Form BOC-3 filed with the FMCSA.

6. On information and belief, Defendant maintains two locations in the State of Tennessee at 147 Transport Drive, Gordonsville, Tennessee, and at 402 Hartman Drive, Lebanon, Tennessee, and advertises itself as a transportation Broker, warehouse, and small cartage company that can move its customers' "truckload freight anywhere in the U.S."

7. On information and belief, Defendant is a subsidiary of K & K Trucking, Inc., a Tennessee corporation headquartered at 147 Transport Drive, Gordonsville, Tennessee and

authorized by the FMSCA to conduct business as a motor carrier and as a broker of motor carriage throughout the United States.

**Facts Common To All Counts**

8. Freedom is the owner of a service mark, "Freedom Logistics®", which was and is registered on the principal register in the United States Patent and Trademark Office commencing on December 9, 1997, under registration number 2,120,561 (hereinafter the "mark".)  The registration is owned by Freedom and is in full force and effect, unrevoked and uncancelled.  A copy of the certificate of registration for the mark with proof of assignment is attached hereto and marked as Exhibit "1" and made a part hereof by this reference.

9. The assignment of the mark was to accommodate a change of a predecessor company to a name of the company while conducting the same business with the same management.

10. Freedom has developed a unique system of providing the Logistics Services throughout the United States that has been continuously identified as "Freedom Logistics®". Freedom has invested hundreds of thousands of dollars into securing the Mark and developing the Logistics Services continuously identified by the mark "Freedom Logistics®."

11. "Freedom Logistics®" is the service mark used by Freedom in connection with its unique system of providing the Logistics Services throughout the United States, to distinguish Freedom's services from the services of all other logistics companies and freight brokers.

12. Freedom, acting under the service mark "Freedom Logistics®" has a very good reputation in the transportation industry as a reliable provider of the Logistics Services, including, especially, brokerage of motor carriage by directly buying, selling and arranging transportation as well as maintaining a transportation marketplace and has developed a strong

and loyal base of shipper-user-customers as well as carrier-vendor-customers throughout the United States.

13.     On or about October 10, 2007, Freedom discovered for the first time, that Defendant was using the service mark "Freedom Logistics" in interstate commerce identifying itself as a transportation broker, a warehouse, and a small cartage company and advertising through national internet business profiles, in local and national yellow pages, and on national load boards, such as <u>loadmax.com</u>, that Defendant would arrange to transport its customers' "truckload freight anywhere in the U.S."

14.     On October 11, 2007, Freedom, through its attorneys, telephoned Defendant and sent a letter to Defendant's two known locations demanding that Defendant cease and desist its continuing infringement of Freedom's registered service mark "Freedom Logistics®" and insisting Defendant affirmatively commit to cease using the service mark "Freedom Logistics®" in connection with its commercial activities.

15.     Defendant ignored Freedom's demand to cease and desist and, on information and belief, took no action to comply with Freedom's demand that it cease and desist using Freedom's registered service mark "Freedom Logistics®."

16.     The services currently being offered by Defendant to the general public are substantially similar, and in many cases are identical, to services offered by Freedom under the "Freedom Logistics®" service mark including, but not limited to, nation-wide freight brokerage services, and Defendant's continued advertising of such services under the "Freedom Logistics®" service mark causes and is likely to continue to cause confusion among prospective shipper-customers and carrier-customers.

17. Since it registered the "Freedom Logistics®" service mark in 1997, Freedom has actively and continuously advertised its services nationwide in national trade publications and via the Internet including at its website www.freedomlogistics.com. Freedom has also advertised regularly at tradeshows including the National Industrial Transportation League, one of the largest transportation trade associations in the United States.

18. Since it registered the "Freedom Logistic®" service mark in 1997, Freedom has actively and continuously defended its service mark by monitoring trade publications and the Internet, among other methods, to guard against infringement and dilution, and has actively and continuously demanded that infringing third parties cease their infringement and dilution of the Mark.

19. Defendant's use of the "Freedom Logistics®" service mark has on at least one occasion caused actual confusion among one of Freedom's customers who inquired whether Defendant was associated with Freedom.

20. Defendant knew or should have known that its actions in holding itself out under the service mark "Freedom Logistics®" would confuse customers of Freedom as the principals of Defendant also are the principals of the parent company K&K Trucking, Inc. which has utilized the services of Freedom since May 2005 in conjunction with a shipper customer of Freedom.

21. On information and belief, the services sold by and to be sold by Defendant are generally inferior to the services provided by Freedom, acting under the "Freedom Logistics®" name as Freedom has years more experience in the transportation and logistics business, it has a larger sales and support staff, and has the capacity to provide a variety of logistics management functions for its customers far more extensive than Defendant.

22.     Defendant's holding itself out as and under the service mark "Freedom Logistics" will continue to injure the good reputation of Freedom developed over ten years by virtue of the high level of high quality freight brokerage and other logistics services associated with Freedom operating under the service mark "Freedom Logistics®."

23.     Defendants knew that Freedom was operating under the "Freedom Logistics®" service mark at least by May 2005.

24.     The continuing acts of Defendant in advertising and providing its services to the shipper and carrier public under the service mark "Freedom Logistics®" is likely to cause current and potential shipper-customers and motor carrier-vendors-customers to believe that such services are associated with the services Freedom provides and that such services are provided with the same high quality customer service at the same very low freight charges currently offered by Freedom despite the fact that such is not true.

25.     The continued advertising of Defendant's services to the public under the service mark "Freedom Logistics" constitutes a false designation of the source of origin of the services provided and represents an attempt by Defendant to palm off its services as those of Freedom.

26.     Freedom has no adequate remedy at law and will suffer irreparable harm and damage as a result of Defendant's continuing infringement of Freedom's service mark in an amount that is presently incalculable.

### COUNT I – Violation of Lanham Act (15 U.S.C. § 1125(a))

27.     Freedom hereby re-alleges and incorporates paragraphs 1 – 26 above as though fully set forth herein this Count I.

28.     The Lanham Act, 15 U.S.C. § 1125(a)(1) states as follows:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any

6

combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

29. Defendant's actions in holding itself out as and advertising itself as "Freedom Logistics" in connection with broker of motor carriage and other logistics services in interstate commerce have caused confusion and are likely to cause confusion among current and potential shipper-customers and motor carrier-customers of Freedom.

30. Defendant's actions in holding itself out as and advertising itself as "Freedom Logistics" in connection with broker of motor carriage and other logistics services in interstate commerce misrepresents the nature, characteristics and quality of the services provided such that Freedom has and is likely to continue to suffer loss to its goodwill if Defendant continues such actions.

WHEREFORE, Tranzact Technologies, Inc. d/b/a Freedom Logistics requests this Court to Enter an Order providing for the following:

1) Restraining and enjoining Freedom Logistics, LLC, its officers, agents, employees, successors and attorneys, and all those in active concert or participation with it from continued use of the entity name or service mark "Freedom Logistics®";

2) Requiring Freedom Logistics, LLC to amend its Articles of Incorporation and its name of record on file with the Tennessee Secretary of State, or make an assumed name filing designating a new name under which Defendant will operate in commerce;

7

3) That Freedom Logistics, LLC be required to account for and pay Tranzact Technologies, Inc. d/b/a Freedom Logistics all profits to which it may be entitled and such other damages it suffered as a result of the wrongful acts of Freedom Logistics, LLC;

4) Alternatively, that Freedom Logistics, LLC be required to pay Tranzact Technologies, Inc. d/b/a Freedom Logistics® statutory damages as provided in 15 U.S.C. § 1117;

5) That Freedom Logistics, LLC be required to pay Tranzact Technologies, Inc. d/b/a Freedom Logistics® treble damages as provided in 15 U.S.C. § 1117 on the ground that its acts as alleged herein have been willful and wanton;

6) That Tranzact Technologies, Inc. d/b/a Freedom Logistics® be granted its costs in this action, including an amount for reasonable attorney fees as provided for in 15 U.S.C. § 1117.

7) For such other relief that this Honorable Court shall deem just and proper.

**COUNT II – Infringement of Registered Service Mark (15 U.S.C. § 1114(b))**

31. Freedom hereby re-alleges and incorporates paragraphs 1 – 30 above as though fully set forth herein this Count II.

32. 15 U.S.C. § 1114(1) states, in part, as follows:

Any person who shall, without the consent of the registrant—

(a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or

(b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive,

shall be liable in a civil action by the registrant for the remedies hereinafter provided.

33. Defendant's actions in using the "Freedom Logistics" service mark in interstate commerce as a licensed interstate broker of transportation in connection with the sale, offering for sale and advertising of freight brokerage services, among other services, in a manner likely to cause confusion and deception, has harmed and is likely to harm Freedom by causing the loss of goodwill.

WHEREFORE, Tranzact Technologies, Inc. d/b/a Freedom Logistics® requests this Court to Enter an Order providing for the following:

1) Restraining and enjoining Freedom Logistics, LLC, its officers, agents, employees, successors and attorneys, and all those in active concert or participation with it from continued use of the entity name or service mark "Freedom Logistics®";

2) Requiring Freedom Logistics, LLC to amend its Articles of Incorporation and its name of record on file with the Tennessee Secretary of State, or make an assumed name filing designating a new name under which Defendant will operate in commerce;

3) That Freedom Logistics, LLC be required to account for and pay Tranzact Technologies, Inc. d/b/a Freedom Logistics® all profits to which it may be entitled and such other damages it suffered as a result of the wrongful acts of Freedom Logistics, LLC;

4) Alternatively, that Freedom Logistics, LLC be required to pay Tranzact Technologies, Inc. d/b/a Freedom Logistics® statutory damages as provided in 15 U.S.C. § 1117;

5) That Freedom Logistics, LLC be required to pay Tranzact Technologies, Inc. d/b/a Freedom Logistics® treble damages as provided in 15 U.S.C. § 1117 on the ground that its acts as alleged herein have been willful and wanton;

6) That Tranzact Technologies, Inc. d/b/a Freedom Logistics® be granted its costs in this action, including an amount for reasonable attorney fees as provided for in 15 U.S.C. § 1117.

7) For such other relief that this Honorable Court shall deem just and proper.

**COUNT III – Service Mark Dilution (15 U.S.C. § 1125(c)(1)**

34. Freedom hereby re-alleges and incorporates paragraphs 1 – 33 above as though fully set forth herein this Count III.

35. Freedom, operating under the "Freedom Logistics®" service mark, is well-known, famous and well-recognized in interstate commerce throughout the motor carrier transportation industry among shippers and motor carriers as providing a comprehensive as well as specialized high quality freight brokerage that stands alone and is included with other Logistics Services through the use of up-to-date proprietary technology accommodating large, medium and small shippers and motor carriers.

36. Freedom's "Freedom Logistics®" service mark is distinctive in the transportation industry as representing a unique business model that provides high quality brokerage of motor carriage and other Logistics Services throughout the United States.

37. Freedom registered the "Freedom Logistics®" service mark with the USPTO on the principal register in 1997 and has provided freight brokerage of motor carrier service that stands alone and that is included in other Logistics Services performed by Freedom throughout the United States since that time.

38. Freedom has actively defended its "Freedom Logistics®" service mark on several occasions, including demanding and causing infringers in South Carolina, Pennsylvania and Ohio to cease using the mark.

39. Defendant adopted the "Freedom Logistics®" service mark after it had become famous.

40. Defendant's use of the "Freedom Logistics" service mark has caused dilution of Freedom's service mark and will likely cause further dilution of Freedom's service mark by

gradually diminishing the "Freedom Logistics®" service mark's value and by providing substandard or non-conforming service such that goodwill and positive associations created by Freedom's "Freedom Logistics®" service mark will be diminished.

41.   Defendant has used the "Freedom Logistics" service mark in interstate commerce.

WHEREFORE, Tranzact Technologies, Inc. d/b/a Freedom Logistics requests this Court to Enter an Order providing for the following:

1) Restraining and enjoining Freedom Logistics, LLC, its officers, agents, employees, successors and attorneys, and all those in active concert or participation with it from continued use of the entity name or service mark "Freedom Logistics®";

2) Requiring Freedom Logistics, LLC to amend its Articles of Incorporation and its name of record on file with the Tennessee Secretary of State, or make an assumed name filing designating a new name under which Defendant will operate in commerce;

3) That Freedom Logistics, LLC be required to account for and pay Tranzact Technologies, Inc. d/b/a Freedom Logistics® all profits to which it may be entitled and such other damages it suffered as a result of the wrongful acts of Freedom Logistics, LLC;

4) Alternatively, that Freedom Logistics, LLC be required to pay Tranzact Technologies, Inc. d/b/a Freedom Logistics® statutory damages as provided in 15 U.S.C. § 1117;

5) That Freedom Logistics, LLC be required to pay Tranzact Technologies, Inc. d/b/a Freedom Logistics® treble damages as provided in 15 U.S.C. § 1117 on the ground that its acts as alleged herein have been willful and wanton;

6) That Tranzact Technologies, Inc. d/b/a Freedom Logistics® be granted its costs in this action, including an amount for reasonable attorney fees as provided for in 15 U.S.C. § 1117.

7) For such other relief that this Honorable Court shall deem just and proper.

### **COUNT IV – Tortious Interference With Expectancy**

42.   Freedom hereby re-alleges and incorporates paragraphs 1 – 41 above as though fully set forth herein this Count IV.

11

43. Freedom has a reasonable expectancy of entering into valid business relationships with shipper customers in the United States for the provision of interstate brokerage of motor carrier services and an interstate transportation marketplace that also includes freight bill payment services, freight brokerage services, and other unique logistics services under the "Freedom Logistics®" service mark.

44. Despite the fact that Freedom registered the "Freedom Logistics®" service mark on the principal register to sell freight brokerage and other transportation services, Defendant began using the mark "Freedom Logistics" in connection with the sale of freight brokerage services nationwide.

45. On October 11, 2007, Freedom sent Defendant a cease and desist letter, but Defendant ignored Freedom's demand to cease and desist and, on information and belief, took no action to comply with Freedom's demand that it cease and desist using Freedom's registered service mark "Freedom Logistics®."

46. Defendant continues to advertise and provide freight brokerage services under the service mark "Freedom Logistics®" and to otherwise interfere with Freedom's ongoing business and business expectancies.

47. On information and belief, as a result of Defendant's wrongful conduct, Freedom has been damaged, has lost sales, and has suffered lost profits.

WHEREFORE, the Plaintiff, Tranzact Technologies, Inc. d/b/a Freedom Logistics, requests this Court enter an Order providing for the following:

1) That Defendant be ordered to account for and pay Tranzact Technologies, Inc. d/b/a Freedom Logistics® all profits derived from the use of the mark "Freedom Logistics®";

2) That an additional award be entered against Defendant and in favor of Tranzact Technologies, Inc. d/b/a Freedom Logistics® in the amount of any and all

damages suffered by Tranzact Technologies, Inc. d/b/a Freedom Logistics® as a consequence of Defendant's wrongful acts;

3) That Tranzact Technologies, Inc. d/b/a Freedom Logistics® be awarded its costs in this action;

4) That Tranzact Technologies, Inc. d/b/a Freedom Logistics® be awarded damages arising from Defendant's interference with its customers and business expectancies arising from Defendant's Freedom Logistics business operations;

4) That Tranzact Technologies, Inc. d/b/a Freedom Logistics® be awarded punitive damages in this matter for Defendant's egregious and willful misconduct; and

5) For such other relief in Tranzact Technologies, Inc. d/b/a Freedom Logistics's favor that this Honorable Court shall deem just and proper.

Tranzact Technologies, Inc. d/b/a Freedom Logistics demands a trial by jury.

          Respectfully submitted,

          Tranzact Technologies, Inc. d/b/a
             Freedom Logistics

          By: __/s/ Matthew P. Barrette__
             One of its Attorneys

Daniel C. Sullivan
Matthew P. Barrette
Sullivan Hincks & Conway
120 West 22nd Street, Ste. 100
Oak Brook, IL 60523
(630) 573-5021